IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRE GAMBLE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KATHY BRITTAIN, et al. | : | NO. 21-3015 |

## ORDER

This 28th day of February, 2023, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Scott W. Reid and the Petitioner's objections, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Petitioner's objections are **OVERRULED**;[1]

3. The petition for a writ of habeas corpus is **DENIED**; and

4. There is no basis for the issuance of a certificate of appealability.

The Clerk of Court is requested to mark this case closed.

BY THE COURT:

/s/ Gerald Austin McHugh
United States District Judge

---

[1] Mr. Gamble principally relies upon my decision in *Brooks v. Gilmore*, No. 15-5659, 2017 WL 3475475 (E.D. Pa. Aug. 11, 2017), a decision recently endorsed by the Supreme Court of Pennsylvania. *Commonwealth v. Drummond*, 285 A.3d 625, 643-45 (Pa. 2022). In *Brooks*, I held that prejudice is to be presumed as to an erroneous instruction on reasonable doubt because the error is structural. I considered *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017), and concluded that even if not all structural error can be deemed presumptively prejudicial, the Supreme Court would still presume prejudice where the error involves reasonable doubt. *Brooks*, 2017 WL 3475475, at *7. But Judge Reid is correct that the Third Circuit later interpreted *Weaver* differently in *Baxter v. Superintendent Coal Township SCI*, 998 F.3d 542, 547-48 (3d Cir. 2021). And in endorsing *Brooks,* the Pennsylvania Supreme Court took no position on whether prejudice should be presumed. *Drummond*, 285 A.3d at 645 n.54. Although I read *Weaver* as supporting a continued presumption of prejudice, *see* 137 S. Ct. at 1908, *Baxter* is binding in this circuit, with the result that petitioner's failure to show prejudice defeats his claim for relief here.